

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Janice Allen, individually and on
behalf of all similarly situated
persons,

**Plaintiff(s),**

**1:10-cv-01237**
**Judge James F. Holderman**
**Magistrate Judge Arlander Keys**

Case No.

**V.**

JP Morgan Chase, EEOC, IDHR, et al.,

**RECEIVED**

**Defendant(s).**

FEB 2 4 2010
feb 24 2010
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## COMPLAINT

Comes Now, Janice Allen, Plaintiff/Pro-Se, and on behalf of all persons similarly situated against Defendants: JP Morgan Chase, Equal Employment Opportunity Commission, Illinois Department Human Rights, John P. Rowe, Armernola P. Smith, and/or other unnamed Jane or John Does, SEEKING THE RELIEF SOUGHT.

In Support Thereof, plaintiff avers:

1. This is a class action lawsuit pursuant to FRCP, Rule-23, brought on behalf of all persons similarly situated, whom was/were discriminated against in and/or at the workplace, predicated upon JP Morgan Chase, rules and/or policies, which was never provided to the employees, thus violating proper notice.

2. On 4/17/2008, plaintiff was told that she was ineligible to return to the workfloor area and that she must need to talk with the Floor Manager, one: Mary Ann Zeborski, whom implied that plaintiff was terminated and no longer eligible to return to the workfloor area, causing the plaintiff to return to work the next day and only to be told, to talk with her Floor Manager, thus violating due process and equal

protection of the laws, again failing to provide proper notice.

3. Plaintiff states that once she began requesting her personnel file, plaintiff wholeheartly believes that negligence ensued and her due process and equal protection rights was continually infringed upon and violated, moreso, the Defendants: JP Morgan Chase' failure to secure and keep confidential, employees vital information, namely; birth certificates, marriage certificates, dates-of-birth, Social Security Numbers, of the plaintiff, as well as, others whom was/are similarly situated.

4. Plaintiff states that in Illinois, the tort of retaliatory discharge protects whistle-blowers who expose illegal or improper conduct and being that the plaintiff repeatly requested her personnel file, believing that vital information was in fact being released to other non-qualifying agencies (persons), plaintiff was not provided with any of her personnel file requests, until after her termination from employment.

5. Plaintiff states that false information was provided to the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, regarding her termination and that the plaintiff brings suit against both agencies because they failed to fully investigate and exercise their inherent authority, by calling witnesses whom could have and/or would have provided them with more accurate information, and by their failure to fully carry out their duties as listed, plaintiff wholeheartly believes that she, as well as others similarly situated, due process and equal protection of the laws, rights has been infringed upon and/or violated.

6. Plaintiff states that although she filed a complaint concerning racial discrimination, she expands the complaint to read that gender-based and/or gender-neutral classification under the equal protection clause of the United States Constitution and freedom from racial discrimination should have been excluded from the workplace and that both agencies, Illinois Department of Human Rights and Equal Employment Opportunity Commission, should have required expert witnesses and statistical analysis, instead of adopting either agency's fair employment practices, especially when these practices/policies are questionable, thus violative of due process.

7. Plaintiff states that she is filing this lawsuit on her own behalf, and on others similarly situated pursuant to 1983-Civil Rights, alleging constitutional deprivations and/or rights.

<u>Parties</u>

8. Plaintiff Janice Allen is a citizen of the United States and having certain constitutional rights, she wholeheartly believes that the defendants all acted under color of state laws.

9. Others similarly situated has been affected by the acts/actions of the defendants, by being subjected to the release of their personal vital information, without their knowledge, and the fact that the defendants failed to properly secure this negligent behavioral pattern, which in fact was partially exposed by the plaintiff when she requested her personnel file, and as a result she was terminated from employment, therefore, others similarly situated, rights has been violated and/or infringed upon.

10. Defendant JP Morgan Chase fka/Bank One, is a corporation organized under the laws of the State of Illinois with its principal place of business at OH4-7399, 3415 Vision Drive, Columbus, OH 43219.

11. Defendant JP Morgan Chase fka/Bank One, is a limited liability company organized under the laws of the State of Illinois with its principal place of business at 131 South Dearborn Street/3rd Floor, Chicago, Illinois 60603.

12. Defendant Illinois Department of Human Rights, is a corporation organized under the laws of the State of Illinois with its principal place of business at 100 West Randolph Street, Chicago, Illinois 60602.

13. Defendant Equal Employment Opportunity Commission, is a corporation organized under the laws of the Federal Government with its principal office located at 500 West Madison Street/Suite-2000, Chicago, Illinois 60661.

14. On information and belief, Defendant JP Morgan Chase, is a corporation organized under the laws of the State of Illinois with its principal place of business at 131 South Dearborn Street/Suite-3, Chicago-Illinois, 60603, and having Jane and/or John Does as employees to conduct their day-to-day business, plaintiff brings suit upon these unnamed persons, in their own individual and official capacities.

15. On information and belief, Defendant John P. Rowe, is employed as the District Director of the U.S. Equal Employment Opportunity Commission, whom totally disregarded the plaintiff's and others similarly situated <u>rights</u>, by adopting the findings of the Illinois Human Rights, both agencies failing to provide an independent investigation into the allegations and so by

adopting to the pattern of this Illinois Department Human Rights' findings, violated the due process rights of the plaintiff and the class of others whom are similarly situated, failing to conduct an inquiry by personally questioning each such employee, arriving at a just decision, based upon said inquiries.

16. On information and belief, Defendant Armernola P. Smith, is the State and Local Coordinator/EEOC Representative, whom stated that he adopted the findings of the state or local fair employment practices agency that allegely investigated this charge, which is very serious in nature, calling for a through investigation, as opposed to favortism, thus violating the plaintiff and others whom are similarly situated, constitutional rights, to be free from racism and gender-based classifications.

17. On information and belief, Defendants Jane and/or John Does, whom will be named by amendment once plaintiff determines said occupations, preserve the right to amend said unnamed defendants , for violating plaintiff's constitutional rights of due process, by defendants acting under color of state laws, then repeatly violating said rights by personally withholding such vital and personal information, after plaintiff's repeated requests, then having the audacity and guption to terminate her employment, due to these repeated requests, violating her freedom of speech rights and infringing upon equal protection, because others similarly situated , perhaps was of a other race and/or nationality.

18. Plaintiff states that the Defendants acted deliberate indifferent to his repeated requests and that these requests fell upon deaf-ears, causing plaintiff to continue pursuing his constitutional rights, allowing this Court to act as his forum, redressing all grievances and/or complaints.


## Jurisdiction and Venue

19. This Court has jurisdiction over this matter pursuant to FRCP, Rule-12 and 28 USC, Sections 1331 and 1343, notwithstanding this Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC, Section 1367.

20. Venue is appropriate in this Court because a substantial portion of the events or omissions giving rise to these claims occurred in Cook County, Chicago-Illinois, in particular, JP Morgan Chase, as well as, the Equal Employment Opportunity Commission and the Illinois Department of Human Rights, all have offices/agencies herein Chicago-Illinois, giving this Court full jurisdiction. In furtherance, plaintiff requests that injunctive

4

relief be authorized under 28 USC, Sections 2283 and 2284, and Rule-65 of the FRCP. Also, plaintiff is seeking declaratory, equitable, compensatory and punitive damages, notwithstanding any other special relief granted by this Court, for the allegations listed.

### Allegations

21. Plaintiff seek to represent the following class:

Others whom was/are similarly situated, whom upon employment at the JP Morgan Chase (Bank), whom personally submitted and/or provided the Defendants with their vital,information, namely; birth certificates, marriage certificates, Social Security Number/Cards, as well as, credit reports, and that the Defendants failed to provide a standard of care, willingly and knowingly made aware that the employees vital information, was being distributed, sold, purchased, exchanged, without the employees' knowledge and/or consent, and that upon plaintiff's urging of said vital information, plaintiff was retailiated against and terminated from her employment, as a result of exposing others to the fact that this information was being traded and/or exchanged, through foreign subsidized accounts.

22. Immediately upon information and belief, plaintiff filed a complaint with the Illinois Department of Human Rights, whom failed to properly protect the rights of each individual employee and failed to conduct an independent, unbiased investigation, by calling forth witnesses, whom could have or would have placed holes into their falsified accounts, thus violative of the plaintiff's due process and equal protection rights, causing undue negligence and a breach of the contract, upon employment, then violating the ex-post facto laws, by failing to provide proper notice.

23. Plaintiff states that there are at least several Plaintiffs in the class, and probably several hundred through the years of her employment, whom have been discriminated against through falsified information and terminated, by false tactics, amounting to due process claims, and as of December 03, 2003, plaintiff requests that this lawsuit become certified beginning from this date and up until this date of initial filings.

24. Plaintiff states that the Defendant JP Morgan Chase, policies/rules, violate due process and equal protection of the laws, by allowing racial and gender-based discrimination to ensue, and further infringing upon these rights by terminating one's employment without proper notice and/or the right to be heard, continually violative of due process safeguards.

25. Plaintiff states that while employed by the Defendant JP Morgan Chase, they engaged in a scheme to defraud and/or otherwise conceal fraudulent activities, knowing that these acts/actions, would substantially affect the rights of the plaintiff and others similarly situated.

26. Plaintiff states that only through discovery can and will it be made known exactly how many other employees was affected by these fradulent acts/actions, although the JP Morgan Chase and/or any of its affiliates, had a standard of care and to provide reasonable notices, of any changes to the contract(s), which was agreed upon on employment date.

27. Plaintiff states that by the Defendants' acts/actions, she has been devastated and wholeheartly believed that this JP Morgan Chase, would in fact uphold their oaths of promises/affirmations, thus violative of the deliberate indifference standards.

Count I: Intentional Infliction of Emotional Distress

28. Plaintiff incorporate the foregoing paragraphs as if fully repeated here.

29. Defendants engaged in extreme and delicate conduct when they terminated employees and specifically stated that certain employees, abandoned their jobs, without a proper hearing and/or the right to be heard, thus violative of due process, and that instead of notifying each individual particular employee, that; their vital information was being exchanged, loaned, or distributed in unprofessional terms, the Defendants concealed their acts/actions of negligence, and terminated the plaintiff, using and implying false statements/information.

30. That the Defendants acts/actions caused Plaintiff severe emotional distress, and at a minimum, Defendants must have known that there was a likielihood and high probability that their conduct would cause severe emotional distress to the plaintiff and others similarly situated, and that they apparently did not care, otherwise, they would have conducted themselves accordingly to the laws.

31. Plaintiff and others similarly situated suffered damages as a result of Defendants' conduct.

Count II: Consumer Fraud and Deceptive Practices Act

32. Plaintiff incorporate the foregoing paragraphs as if fully repeated

here.

33. Plaintiff states that when she was employed by Defendant JP Morgan Chase fka/Bank One, she provided them with vital information and that she had no idea that they would breach any contract, by deliberately furnishing to others, this vital information, knowing that it would cause undue hardship,and burden, because when the plaintiff provided defendant JP Morgan Chase fka/Bank One, with this vital information, at no-time did the plaintiff believe that her vital information would

be disturbed and/or distributed to any third parties, without her full knowledge and/or consent, amounting to fraud and/or deceptive acts/actions.

34. These misrepresentations harmed the plaintiff and others similarly situated, because it was for the motivation of these subsequent sales that Plaintiff was aggrieved.

35. Plaintiff, at all times, and others similarly situated, suffered damages as aresult of the Defendants' acts/actions or willful conduct.

36. Defendants' actions described herein violated the Illinois Consumer Fraud and Deceptive Business Practices Act, pursuant to 815 ILCS 505/10, as well as, the fourtheen amendment of the constitution, notwithstanding other provisional standards.

Count III: Replevin

37. Plaintiff incorporate the foregoing paragraphs as if fully repeated here.

38. Plaintiff and others similarly situated, are the proper owners of and are legally entitled to the possession of their submitted vital information.

39. Plaintiff's vital information as well as those similarly situated, vital information may have been disturbed and that plaintiff and others, are seeking compensatory, declaratory and equitable relief, for wrongfully taking this vital information and failing to provide a standard of reason able care, thus violative of due process.

40. That the taiking of this vital information, was not for any liens, taxs, assessment or fines levied by any law of Illinois and that this seizure constituted willful naton negligence.

41. Plaintiff demands that Defendants provide her with reasonable damages, since this vital information was released into the hands of criminals, and that plaintiff wholeheartly believe that she may be affected in the near future.

42. Plaintiff demands that the Defendants JP Morgan Chase, return all documents submitted by the plaintiff, and if unable, pay the plaintiff seperately, for each day she was denied these documents she had requested.

County IV: Breach of Contract

43. Plaintiff incorporate the foregoing paragraphs as if fully repeated here.

44. Plaintiff and others similarly situated, entered into a contract with the Defendant JP Morgan Chase and/or its affiliates, which imposed duties to maintain a standard of care and reasonable security from exposing their vital,information to any unauthorized third parties and that said imposed obligations upon the Defendants to otherwise disclose by notice, that one's vital information has been borrowed, loaned, stolen, or otherwise, thus violative of the Fourth Amendment, illegal seizure.

45. Defendants breached their duties when they otherwise disturbed this vital information of plaintiff, and others similarly situated, by allowing other unauthorized persons to have said vital information, and that the Defendants should have known that others would be able to obtain this personal vital information, therefore, plaintiff requests a nice reason able amount to what could have taken place.

46. The parties to said contracts exchanged proper consideration and the contracts were mutual.

47. Plaintiff states that if she is not direct parties to any contracts, she should be intended as a third-party beneficiary of any contracts.

48. Plaintiff was damaged by JP Morgan Chase' breach of contract.

Count V: Demand For Apology

49. Plaintiff oncorporate the foregoing paragraphs as if fully repeated here.

50. Plaintiff has reasonable grounds to doubt whether JP Morgan Chase will perform their contracual duties in the future.

51. Within accordance of 810 ILCS 5/2-609, Plaintiff demands a written assurance from JP Morgan Chase that they will continue to satisfy their duties in the future.

Count VI: <u>Negligence</u>

52. Plaintiff incorporate the foregoing paragraphs as if fully repeated here.

53. Defendants owed a duty to Plaintiffs to care and secure their vital information and that the Defendants violated these duties when they lost, misplaced, and/or traded, employees'vital information, and that instead of exposingothe employees to the fact that others was in the possession of personal vital information, instead of correcting it, the used deceitful tactics and then attempted to concealtthese acts/ actions, knowing that plaintiff and others would become highly upset.

54. Defendants.acts/actions caused hardship and harm to the plaintiff, by theit conduct.

<u>Jury Trial Demanded</u>

55. Plaintiff is requesting a jury trial.

Wherefore, plaintiff humbly hopes and pray that this Honorable Court would consider granting judgement on her behalf and the following relief:

Certification of a class pursuant to FRCP, Rule-23, and 735 ILCS 5/2-801; Damages;

Return of Plaintiff's property (vital information), or a reasonable amount for the loss or misplacement;

Written assurance from JP Morgan Chase and that they will satisfy their duties in the near future;

Reasonable costs and attorney's fees;

Such other relief that this Court deems as proper. "Thank-You!"

Respectfully Submitted,

*Janice Allen*

Dated: February 19, A.D., 2010.
Subscribed and Sworn To Before Me

Plaintiff/Pro-Se.
Janice Allen
9116 South Stewart Avenue
Chicago, Il.  60620
773/664-1189.

_____This Day of February, A.D., 2010.

JA/mdh  awk
        i02.

_____
NOTARY PUBLIC.

# Exhibit A

Ms. Janice Allen
8125 South Eberhart, Apt.#2
Chicago, Il. 60619
773/846-1044


U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street/Suite-2000
Chicago, Il. 60601
February 16, A.D., 2010

Re: <u>Notice of Intention To Commence Lawsuit</u>    InRe: Complaint Filed.

Greetings!

    Dear Mr. John P. Rowe and Others:

      I am writing regarding the above-mentioned subject matter,
to the which I'm requesting your full acknowledgement and consideration.

      Pursuant to the complaint which was filed with your office,
EEOC Charge No.21B-2008-02254, EEOC Representative Armernola P. Smith,
State & Local Coordinator, predicated upon the findings adopted, I do
hereby intend with good cause shown, be filing a 1983-Civil Rights
Complaint, and although this (90) Days may be implied, as a layperson,
being not knowledgeable of the law, its my opinion that I'm requesting
that your office considers furnishing me within a specified time period,
a copy of this statute/law which specifically implies that ninety days
is listed.

      In furtherance, being in cooperation with any set standard(s),
as a pro se litigant, I'm complying with any rules/policies, therefore,
your office, as well as, the Illinois Department of Human Rights, not
withstanding JP MORGAN CHASE, can state that I failed to comply.

      In closing, I'm thanking you'all in advance for your full
acknowledgement and consideration, and I'm looking forward to all
future responses.

Sincerely,

_____
plaintiff/Pro-Se.

cc: JP MORGAN CHASE
    131 S. Dearborn 3fl
    Chicago, Il. 60603

28 USCA 1746.

*P.S.* Received Response 11/19/2010.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Janice Allen,

**PLAINTIFF,**

**CASE NO.** Pending

**VS.**

JP MORGAN CHASE, EEOC, IDHR,
et al., **DEFENDANT**s.

## **PROOF OF SERVICE**

**TO:** Hon. Michael W. Dobbins (Clerk)

219 S. Dearborn Street/20th Fl.

Chicago, Il. 60602

**TO:** Mr. John P. Rowe (District Director)

U.S. EEOC/Chicago District Office/Suite 2900

Chicago, Il. 60661

**TO:** JP MORGAN CHASE
131 S. Dearborn 3fl

Chicago, Il. 60603

I, the undersigned (plaintiff / defendant), certify that on the 16 day of FEBRUARY, 2010, I

served a copy of this Letter of Intention to each person whom it is directed by way of

U.S. Mail, pre-stamped envelopes, with the exception of the Clerk
because this Exhibit-A Letter of Intention, will be attached to the
1985.

Name Janice Allen

Address 8125 South Eberhart #2

City/Zip Chicago, Il. 60609

Telephone 773/846-1044

_Janice Allen_
SIGNATURE / CERTIFICATION

2-16-2010
DATE

# Exhibit A

Ms. Janice Allen
8125 South Eberhart, Apt.#2
Chicago, Il. 60619
773/846-1044


U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street/Suite-2000
Chicago, Il. 60601
February 16, A.D., 2010

Re: <u>Notice of Intention To Commence Lawsuit</u>    InRe: Complaint Filed.

Greetings!

Dear Mr. John P. Rowe and Others:

I am writing regarding the above-mentioned subject matter, to the which I'm requesting your full acknowledgement and consideration.

Pursuant to the complaint which was filed with your office, EEOC Charge No.21B-2008-02254, EEOC Representative Armernola P. Smith, State & Local Coordinator, predicated upon the findings adopted, I do hereby intend with good cause shown, be filing a 1983-Civil Rights Complaint, and although this (90) Days may be implied, as a layperson, being not knowledgeable of the law, its my opinion that I'm requesting that your office considers furnishing me within a specified time period, a copy of this statute/law which specifically implies that ninety days is listed.

In furtherance, being in cooperation with any set standard(s), as a pro se litigant, I'm complying with any rules/policies, therefore, your office, as well as, the Illinois Department of Human Rights, notwithstanding JP MORGAN CHASE, can state that I failed to comply.

In closing, I'm thanking you'all in advance for your full acknowledgement and consideration, and I'm looking forward to all future responses.

Sincerely,


_____
plaintiff/Pro-Se.

cc: JP MORGAN CHASE
    131 S. Dearborn 3fl
    Chicago, Il. 60603

28 USCA 1746.

*P.S.* Received Response 11/19/2010.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Janice Allen,

**PLAINTIFF,**

**VS.**

JP MORGAN CHASE, EEOC, IDHR,
et al.,     **DEFENDANT**s.

CASE NO. Pending.

## PROOF OF SERVICE

**TO:** Hon. Michael W. Dobbins (Clerk)

219 S. Dearborn Street/20th Fl.

Chicago, Il. 60602

**TO:** Mr. John P. Rowe (District Director)

U.S. EEOC/Chicago District Office/Suite 2000

Chicago, Il. 60661

**TO:** JP MORGAN CHASE

131 S. Dearborn 3fl

Chicago, Il. 60603

I, the undersigned (plaintiff / defendant), certify that on the 16 day of FEBRUARY, 2010, I served a copy of this Letter of Intention to each person whom it is directed by way of U.S. Mail, pre-stamped envelopes, with the exception of the Clerk because this Exhibit-A Letter of Intention, will be attached to the 1983.

Name Janice Allen

Address 8125 South Eberhart #2

City/Zip Chicago, Il. 60619

Telephone 773/846-1044

SIGNATURE / CERTIFICATION

2-14-2010

DATE