1.1

1IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JANICE ALLEN, individually and on | ) | |
| behalf of all similarly situated persons, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 01237 |
| | ) | |
| JP MORGAN CHASE, EEOC, IDHR, | ) | |
| JOHN P. ROWE, ARMERNOLA P. SMITH, | ) | |
| and/or other unnamed Jane or John Does, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On February 24, 2010, *pro se* plaintiff Janice Allen ("Allen") requested leave to proceed *in forma pauperis* ("IFP") in the filing of her class action complaint (Dkt. No. 1) against defendants JP Morgan Chase ("Chase"), the Equal Employment Opportunity Commission ("EEOC"), the Illinois Department of Human Rights ("IDHR"), John P. Rowe, Armernola P. Smith, and "other unnamed Jane or John Does." Allen filed a financial affidavit in support of her application for leave to proceed IFP. (Dkt. No. 4.) For the reasons explained below, Allen's application for leave to proceed IFP is denied. Allen also filed a motion for appointment of counsel (Dkt. No. 5) which is denied as moot.

BACKGROUND

Allen, a former employee of Chase, alleges in her *pro se* complaint that her employment was terminated by Chase on April 17, 2008 because she had "repeatedly requested her personnel file, believing that vital information was in fact being released to other non-qualifying agencies (persons)." (Compl. ¶ 4.) After Chase terminated her employment, Allen filed claims with the EEOC and IDHR. Allen alleges in her complaint that both the EEOC and IDHR failed to properly investigate her claims. (*Id.* ¶¶ 5-6, 15-16.) Allen seeks class certification in her complaint, as well as return of her "property (vital information), or a reasonable amount for the loss or misplacement;[w]ritten assurance from [Chase] that they will satisfy their duties in the near future; [r]easonable costs and attorney's fees [and] [s]uch other relief as this court deems as proper." (*Id.* ¶ 55.)

LEGAL STANDARD

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1998). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed IFP, the court applies the same standard as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir.

2000). Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. To survive a motion to dismiss, a complaint must state a facially plausible claim for relief. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A complaint must do more than allege facts that are merely consistent with an entitlement to relief; it must "raise the right to relief above the speculative level" and cross "the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 555 (alteration in original). In determining whether a plaintiff has set forth a claim for which relief may be granted, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 529 F.3d 1074, 1081 (7th Cir. 2008). However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (interpreting *Iqbal*).

## ANALYSIS

For the reasons detailed below, the court accepts Allen's allegations of poverty as true, but denies Allen's IFP application.

**1.    Allen's Allegations of Poverty**

According to her affidavit Allen is currently unemployed. Her only disclosed source of income is public unemployment benefits distributed monthly in the amount of $541.00. Allen states she has only $68.00 in cash or account assets. Based on these facts, which the court accepts, the court finds that Allen is unable to pay the $350 civil filing fee in this case.

2.    **Allen's Allegations Against the Governmental Entities**

Allen has alleged a Fifth Amendment claim based on the denial of a property interest without due process against both the EEOC and the IDHR. Specifically, Allen alleges that the EEOC and the IDHR denied her due process by failing to exhaust all avenues of investigation in regard to her case before them in their capacities as quasi-judicial entities.

A.    **EEOC**

Generally the principal of sovereign immunity bars a plaintiff from suing a federal agency, such as the EEOC, for damages unless such immunity is specifically waived. *Huff v. Gov't Nat'l Mortgage Ass'n*, No. 94-C-00180, 1995 WL 31563, at *3 (N.D. Ill. Jan. 26, 1995) (citing *Loeffler v. Frank*, 486 U.S. 549, 544 (1988)). Here, the EEOC's immunity has not been waived. *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 78 (7th Cir. 1992) (citing *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)). Accordingly, Allen's claims against the EEOC are barred by sovereign immunity.

B.    **IDHR**

Allen's § 1983 claim against the IDHR similarly fails because according to the plain language of the statute, § 1983 claims can only be brought against a "person." "A state is not a

person under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because "state agencies are treated the same as states," Allen does not have a viable claim against the IDHR under § 1983. *Masterson v. Ill. Dep't of Corr.*, No. 93-C-955, 1993 WL 389422, at *1 (N.D. Ill. Sept. 30, 1993) (citing *Kroll v. Bd. of Trus. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991)).

3. **Allen's Allegations Against the Individual Defendants**

Although Allen's complaint identifies John P. Rowe, the District Director of the U.S. EEOC, and Armernola P. Smith, the State and Local Coordinator/EEOC Representative, as additional defendants, the complaint fails to allege any specific claims against them. (*See* Compl. ¶¶ 15-16.) The complaint therefore fails to give these defendants fair notice of the claims and the factual basis on which they rest, and, as a result, fails to state a claim against them. *Twombly*, 550 U.S. at 555.

4. **Allen's Allegations Against Chase**

    A. **Section 1983 Claim**

In her complaint, Allen asserts that Chase has violated her constitutional rights to freedom of speech under the First Amendment, due process under the Fifth Amendment, equal protection under the Fourteenth Amendment, and protection against illegal seizure under the Fourth Amendment. "The core purpose of § 1983 is 'to provide compensatory relief to those deprived of their federal rights by state actors.'" *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 795 (2d Cir. 1999) (quoting *Felder v. Casey,* 487 U.S. 131, 141 (1988)). In her complaint Allen alleges "that the defendants all acted under color of state laws," (Comp. ¶ 8),

but she offers no allegations of specific conduct to support this bare conclusion. In other words, Allen has alleged no basis in her complaint that allows the court "to draw the reasonable inference" that Chase, a private party, has engaged in state action. *See Iqbal,* 129 S. Ct. at 1950. Therefore, Allen's complaint fails to set forth a plausible claim against Chase under § 1983.

### B. Jurisdiction Over Remaining State Law Claims

"The federal courts are 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Barichello v. McDonald*, 98 F.3d 984, 955 (7th Cir. 1996) (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977)). This court's subject matter jurisdiction can be based on either claims arising under federal law or state law claims between parties of diverse citizenship. *Welsh v. Excel Telecomm.*, 101 F.3d 704 (7th Cir. 1996). As discussed above, Allen's complaint does not contain any allegations to support a finding that Allen has any plausible claims arising under federal law. The court now considers whether it has diversity of citizenship jurisdiction over Allen's remaining state law claims under 28 U.S.C. § 1332.

1. **Diversity Jurisdiction**

Generally, diversity jurisdiction under § 1332(a) requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000. Based on the allegations in Allen's complaint, there is not a complete diversity of citizenship in this case. Although Allen's complaint does not expressly identify her state of residence, the signature line of Allen's complaint indicates that she is a resident of Chicago, Illinois. (Compl. 9.) Allen further alleges that Chase is either a corporation "organized under the laws of the State of Illinois" with its principal place of business in Columbus Ohio or a limited liability company with its principal place of business in Chicago Illinois. (Compl. ¶¶10-11.)  The plaintiff bears the burden of alleging sufficient facts to support diversity. Fed. R. Civ. P. 8(a)(1); *see also White v. Bruno*, No. 04-C-6323, 2005 WL 309541, at *1 (N.D. Ill. Feb. 8, 2005). Because Allen's complaint alleges Allen and Chase are citizens of Illinois, complete diversity is lacking, and this court does not have jurisdiction based on 28 U.S.C. § 1332(a).

2. **Class Action Fairness Act Jurisdiction**

Allen has also alleged she is bringing this case on behalf of herself and "all others similarly situated." (Compl. ¶ 1.) Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), the district court has jurisdiction over any civil action in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) "any member of a class of plaintiffs is a citizen of a state different from any defendant," and (3) the proposed class is not less than 100 members. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B).

Regarding the CAFA's requirement of an amount in excess of $5,000,000, 28 U.S.C. § 1332(d)(2), Allen's civil cover sheet unambiguously asserts that the expected damages in this case are $2,500,000.  (Dkt. No. 2 ¶ VIII.) Consequently, based on Allen's contentions, this case

does not in involve an amount that is greater than $5,000,000 in alleged damages. Therefore, Allen has not met the amount in controversy requirement under CAFA, and the court does not have jurisdiction under the CAFA.

Additionally, the CAFA requires minimum diversity; that is, any one plaintiff must be diverse from any one defendant. *Id.* § 1332(d)(2)(A). Although the CAFA's minimum diversity standard does not require that the diverse plaintiff be a named party, "one member of the class, named or unnamed must be diverse from any one defendant." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007); *Langendorf v. Conseco Sr. Health Ins. Co.*, 590 F. Supp. 2d. 1020, 1022 n.2 (N.D. Ill. 2008). According to the complaint, Allen and all named defendants are citizens of Illinois. Moreover, Allen has failed to make any allegations as to the citizenship of any unnamed parties. Because Allen has not alleged any facts suggesting that there is minimum diversity in this case, the court does not have jurisdiction over her purported class action claims under the CAFA.

Finally, Allen's complaint names only one party, herself, as class representative and fails to allege that the purported class is comprised of at least 100 individuals. The plain language of the CAFA requires a class of 100 persons or more. 28 U.S.C. § 1332(d)(5)(B); *Anderson v. Bayer Corp.*, No. 09-988-GPM, 2010 WL 148633, at *2 (S.D. Ill. Jan. 13, 2010). Allen has failed to assert such numerosity. Thus her complaint fails to meet the minimum class size of the CAFA.

Because the allegations of Allen's complaint do not suggest that her purported class action claim satisfies any of the jurisdictional requirements of the CAFA, the court cannot assert subject matter jurisdiction over her state law claims pursuant to 28 U.S.C. § 1332(d).

<u>CONCLUSION</u>

In light of Allen's *pro se* status this court has carefully and liberally interpreted her complaint in her favor but has not identified a plausible federal claim. Additionally, as explained above in this opinion, the court lacks subject matter jurisdiction over Allen's state law claims. Therefore under § 1915, Allen's application for leave to proceed IFP (Dkt. No. 4) is denied. Allen's motion for appointment of counsel (Dkt. No. 5) is denied as moot.

ENTER:

*James F. Holderman*
_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 30, 2010